UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| FRANCISCO PROCEL, | : | |
| Plaintiff, | : | 14 Civ. 0249 (PAC) (AJP) |
| -against- | : | **REPORT AND RECOMMENDATION** |
| CREDIT BASED ASSET SERVICING & SECURITIZATION, LLC, | : | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Paul A. Crotty, United States District Judge:**

Plaintiff's complaint in this action was filed as of January 13, 2014 (Dkt. No. 2: Compl.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend he time for service, for an appropriate period. . . .

A review of the Court's docket sheet for this action discloses that there is no affidavit of service on file with the Clerk's Office. The United States Marshal's Office has informed my chambers that they have not received the necessary papers from plaintiff for service.

More than 120 days having passed from the filing of the complaint, and plaintiff's time to serve having expired with no action by plaintiff, and there being no indication that plaintiff has had the complaint served on defendants, I recommend that the Court dismiss plaintiff's complaint without prejudice for failure to timely serve it pursuant to Fed. R. Civ. P. 4(m). See, e.g., Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Crotty (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:    New York, New York
          May 28, 2014

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:    Francisco Procel (reg. mail & cert. mail)
              Judge Crotty